In the Matter of the WELFARE OF the CHILD OF: T.L.M. and M.J.S., Parents.

No. A11–1323.

Court of Appeals of Minnesota.

Oct. 3, 2011.

Laura Schultz, Tuttle Bergeson Petros, P.A., Shakopee, MN, for appellant father M.J.S.

Mark Metz, Carver County Attorney, Melissa J. Jacobsen, Assistant County Attorney, Chaska, MN, for respondent Carver County Community Social Services.

Nancy C. Platto, Chaska, MN, for respondent mother T.L.M.

Brenda Dehmer, Elko, MN, guardian ad litem.

Considered and decided by JOHNSON, Chief Judge; HUDSON, Judge; and ROSS, Judge.

## SPECIAL TERM OPINION

JOHNSON, Chief Judge.

After a three-day trial, the district court terminated the parental rights of the mother and father of a four-year-old girl, T.I.M. The father, M.J.S., brought this appeal more than 20 days, but less than 30 days, after the district court administrator served notice of filing of the termination order. We conclude that the appeal is untimely because it was not perfected within 20 days of the notice.

The district court's decision on the county's petition to terminate parental rights is reflected in two orders issued on June 23, 2011. The first order contains the district court's findings of facts. The second order provides certain information to the person to whom guardianship was transferred, as required by statute. *See* Minn.Stat. § 260C.317, subd. 3(a) (2010). The second order also states that the parents have the right to "file an appeal of the order pursuant to Minn. R. Juv. P. 47 within 30 days."

On June 24, 2011, the district court administrator served notice of filing of the order terminating parental rights, by United States Mail, as required by Minn. R. Juv. Prot. P. 10.04. The court administra-tor's notice states that an appeal is governed by Minn. R. Juv. Prot. P. 47 and also states, in bold-face type, that an appeal "shall be taken within twenty (20) days of the date the Court Administrator served this Notice of Filing of Order." *See* Minn. R. Juv. Prot. P. 47.02, subd. 2.

On July 21, 2011, M.J.S. served and filed a notice of appeal by United States Mail. M.J.S.'s statement of the case asserts that the appeal was served and filed within the 30–day period of Minn.Stat. § 260C.415, subd. 1 (2010). This court questioned whether the appeal is timely in light of the 20–day appeal period prescribed by Minn. R. Juv. Prot. P. 47.02, subd. 2. M.J.S. and the county filed memoranda. M.J.S. argues that the appeal is timely because it was brought within the statute's 30–day appeal period. The county argues that the appeal should be dismissed as untimely because it was not brought within the rule's 20–day appeal period.

## DECISION

■ In a juvenile-protection proceeding, an aggrieved person may appeal from a final order of the juvenile court that affects a substantial right. Minn. R. Juv. Prot. P. 47.02, subd. 1. The district court's June 23, 2011, order terminating M.J.S.'s parental rights is a final, appealable order. *See In re Welfare of L.M.M.,* 372 N.W.2d 431, 433 (Minn.App.1985) (holding that order terminating parental rights is final and appealable), *review denied* (Minn. Oct. 18, 1985).

As a general rule, an appeal from a final, appealable order may be taken within 60 days of service by any party of written notice of its filing, "[u]nless a different time is provided by statute." Minn. R. Civ.App. P. 104.01, subd. 1. A statute governing juvenile-protection proceedings purports to provide for a different time

period in which to appeal: an appeal "from a final order of the juvenile court affecting a substantial right of the aggrieved person ... shall be taken within 30 days of the filing of the appealable order." Minn.Stat. § 260C.415, subd. 1 (2010).

Until August 1, 2009, the Minnesota Rules of Juvenile Protection Procedure were consistent with section 260C.415, subdivision 1, in that the rules also provided for a 30–day period in which to appeal a final, appealable order. *See* Minn. R. Juv. Prot. P. 47.02, subd. 2 (2008). But in 2009, the supreme court amended that rule to provide that such an appeal must be taken within 20 days of the service of notice of filing of the court's order. Minn. R. Juv. Prot. P. 47.02, subd. 2. The amendment to this rule became effective August 1, 2009. Order Promulgating Amendments to the Rules of Juvenile Protection Procedure and the Rules of Adoption Procedure, No. C1–01–927 (Minn. June 10, 2009).

In light of the inconsistency between the statute and the rule, the question arises as to which provision governs. The question has effectively been answered by supreme court caselaw, which provides that rules of court displace inconsistent statutes with respect to matters of court procedure. *See, e.g., State v. Losh,* 721 N.W.2d 886, 891–92 (Minn.2006) (holding that rule of criminal procedure concerning time for appeal governs despite contrary provision in statute). This principle has been applied in juvenile-protection cases. *See In re Welfare of J.R., Jr.,* 655 N.W.2d 1, 3 (Minn.2003) (holding that rule of juvenile-protection procedure concerning service of notice of appeal governs rather than provision in juvenile-protection statute). The rationale for these holdings is that, due to the doctrine of separation of powers, the supreme court has primary responsibility to regulate matters of trial and appellate procedure. *Losh,* 721 N.W.2d at 891–92.

A matter is deemed procedural if it concerns "the method by which" factual and legal issues are determined and "neither creates a new cause of action nor deprives a defendant of any defense on the merits." *Id.* at 891 (quotations and alterations omitted). The time in which a party may appeal is a procedural matter. *J.R., Jr.,* 655 N.W.2d at 2–3. Thus, the 20–day appeal period of Minn. R. Juv. Prot. P. 47.02, subd. 2, applies, and the 30–day appeal period of Minn.Stat. § 260C.415, subd. 1, does not apply.

In this case, the district court administrator served notice of filing of the district court's termination order on June 24, 2011. Because the notice was served by United States Mail, it is appropriate to add three days to the appeal period. *See* Minn. R. Juv. Prot. P. 4.02. The twenty-third day after the notice was July 17, 2011. Because that day was a Sunday, the appeal period did not expire until the following business day, Monday, July 18, 2011. *See* Minn. R. Juv. Prot. P. 4.01. M.J.S. did not serve and file his notice of appeal until July 21, 2011. *See* Minn. R. Juv. Prot. P. 47.02, subd. 3. Thus, M.J.S.'s appeal is untimely.

■ M.J.S. contends that the time in which to appeal in this case should be extended because the district court's second order erroneously stated that he had 30 days in which to appeal. But the time for perfecting an appeal may not be extended by an order of the district court. *Brown's Bay Marine Corp. v. Skrypec,* 271 Minn. 523, 527–28, 136 N.W.2d 590, 593 (1965). M.J.S. also contends that this court should extend the time for his appeal because the untimely appeal "was excusable under the circumstances." *See* Minn. R. Civ.App. P. 126.02. But rule 126.02 applies only to a time period "prescribed by these rules," *i.e.,* the rules of civil appellate procedure; Minn. R. Civ.App. P.

126.02 does not apply to a time period prescribed by the rules of juvenile-protection procedure. *See J.R., Jr.,* 655 N.W.2d at 2–3 (stating that court of appeals erred by applying Minn. R. Civ.App. P. 103.01, subd. 1, to determine manner of perfecting juvenile-protection appeal). Only the supreme court has inherent authority to extend the deadline for an appeal that is untimely under the applicable rules. *See Township of Honner v. Redwood Cnty.,* 518 N.W.2d 639, 641 (Minn.App.1994) (holding that court of appeals lacks jurisdiction to consider untimely appeal), *review denied* (Minn. Sept. 16, 1994). We note that the supreme court has indicated, in similar circumstances, that it will not invoke its inherent authority to allow an untimely appeal based on "simple attorney negligence, inadvertence, or oversight." *J.R., Jr.,* 655 N.W.2d at 4.

In sum, M.J.S.'s appeal is untimely because it was not served and filed within 20 days, as required by Minn. R. Juv. Prot. P. 47.02, subd. 2. The timing requirement of that rule is jurisdictional. *See J.R., Jr.,* 655 N.W.2d at 6. Therefore, we must dismiss the appeal.

**Appeal dismissed.**