**In re The Petition of M.O. and K.O. to Adopt K.M.G. and K.A.O.**

and

**The Petition of J.D. and W.G. to Adopt K.M.G. and K.A.O.**

No. A13–0774.

Court of Appeals of Minnesota.

Aug. 26, 2013.

Review Denied Oct. 23, 2013.

John E. Mack, Mack & Daby P.A., New London, MN, for appellants M.O. and K.O.

Brian J. Middendorf, Morrison County Attorney, Amy J. Chantry, Special Assistant Morrison County Attorney, Little Falls, MN, for respondent Morrison County Social Services.

Cynthia J. Vermeulen, Vermeulen Law Office, P.A., St. Cloud, MN, for respondents J.D. and W.G.

Thomas J. Nolan, Jr., Nolan Law Office, Minneapolis, MN, for respondent guardian ad litem Jody Cox.

Considered and decided by JOHNSON, Chief Judge; HALBROOKS, Judge; and LARKIN, Judge.

## SPECIAL TERM OPINION

JOHNSON, Chief Judge.

This appeal is before a special term panel of this court to determine whether the notice of appeal was timely filed. For the reasons stated below, we conclude that the appeal is untimely and must be dismissed.

The appeal arises from competing petitions to adopt K.A.O., a five-year-old girl, and K.M.G., a two-year-old girl, for whom parental rights previously were terminated. Appellants M.O. and K.O. are the children's maternal grandparents. Respondents W.G. and J.D. are K.M.G.'s paternal uncle and aunt. In December 2011, Morrison County placed the children with respondents. In August 2012, the commissioner of the Minnesota Department of Human Services withheld consent for appellants to adopt the children. In December 2012, the district court conducted a five-day trial to determine whether consent was reasonably withheld from appellants. *See* Minn. R. Adopt. P. 42.03, subd. 2.

On December 28, 2012, the district court issued an order in which it concluded that the commissioner did not unreasonably withhold consent for appellants to adopt the children and that the county appropriately placed the children in respondents' home. The order directed entry of judgment. That day, the district court administrator entered judgment and served notice of the filing of the order by United States mail. On the same day, the district court dismissed appellants' adoption petition. On December 31, 2012, the district court granted respondents' petition to adopt the children.

On January 14, 2013, appellants filed a motion for a new trial. The district court denied the motion in an order filed February 26, 2013. The order directed entry of judgment. That day, the district court administrator entered judgment and served notice of the filing of the order by United States mail.

On April 27, 2013, appellants filed a notice of appeal by United States mail. On May 8, 2013, the county moved to dismiss the appeal as untimely on the ground that the notice of appeal was filed more than 30 days after the district court administrator's notice of filing. On May 22, 2013, this court issued an order requesting informal memoranda on the question whether the district court administrator's notice of filing complied with the requirements of the rules of adoption procedure and, if not, whether the notice of filing was effective to limit the time to appeal.

## DECISION

### A.

The first issue is whether a party has 30 days or 60 days to appeal from a final order in an adoption proceeding.

In an adoption proceeding, an appeal may be taken by an aggrieved person "from a final order of the juvenile court affecting a substantial right of the aggrieved person." Minn. R. Adopt. P. 48.02, subd. 1. The general rule governing the time for filing and service of a notice of appeal in a civil case states, "Unless a different time is provided by statute, an appeal may be taken from a judgment within 60 days after its entry, and from an appealable order within 60 days after service by any party of written notice of its filing." Minn. R. Civ.App. P. 104.01, subd. 1.

The adoption statute does not provide a different time for an appeal. The legislature addressed the subject by stating, "Any order, judgment, or decree of a court pursuant to the provisions of sections 259.21 to 259.63 may be appealed by any person against whom the order, judgment, or decree is made or who is affected by it as in other civil cases." Minn.Stat. § 259.63 (2012). The supreme court enacted a rule of adoption procedure that implements this statute by stating, "Except as provided in this rule, appeals of adoption matters shall be in accordance with the Minnesota Rules of Civil Appellate Procedure." Minn. R. Adopt. P. 48.01.

The supreme court made an exception to the rules of civil appellate procedure by enacting the following rule concerning the time for commencing an appeal in an adoption proceeding: "Any appeal shall be taken within thirty (30) days of the service of notice by the court administrator of the filing of the court's order." Minn. R. Adopt. P. 48.02, subd. 2. The advisory committee noted that shortening the time for appeals in adoption proceedings was "intended to expedite the appellate process, which the Committee deems to be in the best interests of the child" due to a "child's need for timely permanency."

Minn. R. Adopt. P. 48.02, 2004 advisory comm. cmt.

In light of the separation of powers between the legislative branch and the judicial branch, the supreme court has the primary responsibility to regulate matters of trial and appellate procedure. *See In re Welfare of J.R., Jr.*, 655 N.W.2d 1, 3 (Minn.2003); *In re Welfare of Child of T.L.M.*, 804 N.W.2d 374, 376 (Minn.App. 2011). The time in which a party may appeal is a procedural matter. *See J.R.*, 655 N.W.2d at 3; *T.L.M.*, 804 N.W.2d at 376. Thus, the supreme court may determine the time in which a party may appeal in an adoption proceeding. Furthermore, if a specific rule of court conflicts with a more general rule of court, the more specific rule applies. *Roehrdanz v. Brill*, 682 N.W.2d 626, 631 (Minn.2004). The advisory committee was deliberate in stating that the adoption rules control the time for an appeal in adoption proceedings: "The appeal time [is] governed by these rules, specifically established for adoption proceedings, and not by the more general provisions of the appellate rules." Minn. R. Adopt. P. 48.02, 2004 advisory comm. cmt. Thus, in an adoption appeal, we must apply the more specific provision, which is rule 48.02, subdivision 2.

Therefore, we conclude that the time within which a party may appeal in an adoption proceeding is 30 days.

**B.**

The second issue is whether the 30–day period within which a party may appeal from a final order in an adoption proceeding applies to an appeal from an order ruling on a post-trial motion.

Appellants contend that, if a post-trial motion has been filed, the generally applicable 60–day period applies in lieu of the 30–day period for other adoption appeals.

Appellants rely on the second sentence of the governing rule:

Any appeal shall be taken within thirty (30) days of the service of notice by the court administrator of the filing of the court's order. *In the event of the filing and service of a timely and proper post-trial motion under Rule 46, or for relief under Rule 47 if the motion is filed within the time specified in Rule 46.02, subd. 3, the provisions of Minnesota Rules of Civil Appellate Procedure Rule 104.01, subds. 2 and 3, apply, except that the time for appeal runs for all parties from the service of notice by the court administrator of the filing of the order disposing of the last post-trial motion.*

Minn. R. Adopt. P. 48.02, subd. 2 (emphasis added). According to appellants, the generally applicable 60–day period applies because the second sentence of rule 48.02, subdivision 2, refers to rule 104.01 of the Minnesota Rules of Civil Appellate Procedure, which provides for a 60–day appeal period.

Adoption rule 48.02, subdivision 2, refers to only two subdivisions of appellate rule 104.01, specifically, subdivisions 2 and 3. Subdivision 2 provides that a post-trial motion tolls the time for an appeal only if the motion is of a specified type. Minn. R. Civ.App. P. 104.01, subd. 2. Subdivision 3 provides that a notice of appeal that is filed during the pendency of a post-trial motion specified in subdivision 2 "is premature and of no effect." Minn. R. Civ. App. P. 104.01, subd. 3. But the generally applicable 60–day provision of appellate rule 104.01 is contained in subdivision 1 of rule 104.01, not in subdivisions 2 or 3. *See* Minn. R. Civ.App. P. 104.01, subd. 1. Thus, the reference in adoption rule 48.02, subdivision 2, to subdivisions 2 and 3 of appellate rule 104.01 does not suggest that the generally applicable 60–day period provi-

sion of appellate rule 104.01, subdivision 1, applies in an adoption proceeding after a post-trial motion. Furthermore, the rule applicable to adoption proceedings indicates that the 30–day period applies to every adoption proceeding: "*Any appeal shall be taken within thirty (30) days....*" Minn. R. Adopt. P. 48.02, subd. 2 (emphasis added).

■ Therefore, we conclude that the 30–day appeal period in adoption rule 48.02, subdivision 2, applies to an appeal from a ruling on a post-trial motion.

### C.

The third issue is whether a district court administrator's notice of filing is effective to limit the time to appeal if the district court administrator did not use the form of notice of filing required by the rules of adoption procedure.

In civil cases, the district court administrator is required to transmit to each party a notice of the filing of an order or a decision or the entry of a judgment. Minn. R. Civ. P. 77.04. Ordinarily, the district court administrator's notice of filing pursuant to rule 77.04 "shall not limit the time for taking an appeal or other proceeding on such order, decision, or judgment." *Id.* Rather, in most civil cases, the time in which an appeal must be taken from an appealable order is limited by a party's service of a notice of filing. *See* Minn. R. Civ.App. P. 104.01, subd. 1; *Rieman v. Joubert,* 376 N.W.2d 681, 683–84 (Minn.1985); *O'Brien v. Wendt,* 295 N.W.2d 367, 369–70 (Minn.1980).

Adoption appeals, however, are different from most other civil appeals in this respect. In an adoption appeal, the service of a notice of filing by the district court administrator (not by a party) commences the time period for an appeal. Minn. R.

Adopt. P. 48.02, subd. 2.[1] The reason for this particular provision is not expressly stated in the rules or in the comments of the advisory committee. Nonetheless, it appears that a different procedure in adoption appeals is intended to address the same concerns that led to the shortened time for an appeal, namely, the advisory committee's desire to "expedite the appellate process" in adoption appeals, which is presumed to be in a child's "best interests" due to a child's "need for timely permanency." Minn. R. Adopt. P. 48.02, 2004 advisory comm. cmt. Implicit in the comment is the assumption that the district court administrator is more likely than a practitioner to actually serve a notice of filing and to do so promptly, which tends to ensure that the appeal period actually is commenced and is commenced in a prompt manner. This assumption is consistent with the judicial experience that practitioners sometimes neglect to properly serve a notice of filing of an appealable order, in which event the length of the appeal period is not limited. *See, e.g., First Minn. Bank v. Overby Dev., Inc.,* 783 N.W.2d 405, 409 (Minn.App.2010) (holding that appeal was timely because party's notice of filing was in improper form); *Duluth Ready–Mix Concrete, Inc. v. City of Duluth,* 520 N.W.2d 775, 777–78 (Minn.App. 1994) (holding that appeal was timely because neither party served notice of filing); *Curtis v. Curtis,* 442 N.W.2d 173, 176 (Minn.App.1989) (holding that appeal filed nearly three years after order was timely because neither party served notice of filing); *Levine v. Hauser,* 431 N.W.2d 269, 270–71 (Minn.App.1988) (holding that appeal filed four months after order was timely because notice of filing was in improper form).

In adoption proceedings, the rule governing notice of filing states: "Each order or adoption decree delivered or mailed pursuant to rule 10.03 shall be accompanied by a notice of filing of order. The State Court Administrator shall develop a 'notice of filing' form, which shall be used by court administrators." Minn. R. Adopt. P. 10.04. This rule was enacted in 2004 and became effective on January 1, 2005. *Promulgation of Rules of Adoption Procedure,* No. C1–01–927 (Minn. Sept. 30, 2004) (order). Since its enactment, the state court administrator has developed a notice-of-filing form for adoption proceedings. It differs from the notice-of-filing form that is used in most civil cases primarily in that it contains additional language advising the parties of the right to bring a motion in district court for relief from a final order, *see* Minn. R. Adopt. P. 47, and the right to appeal from a final order, *see* Minn. R. Adopt. P. 48.

In this case, however, the district court administrator did not use the state court administrator's notice-of-filing form when serving a notice of filing on February 26, 2013. Rather, the district court administrator used the notice-of-filing form that is used in most civil cases. In our May 22, 2013 order questioning jurisdiction, we asked the parties to address two questions: (1) whether the district court administrator's February 26, 2013 notice of filing complied with adoption rule 10.04, and (2) if not, whether the district court administrator's non-compliance causes the February 26, 2013 notice of filing to be ineffective in limiting the time to appeal.

■ The first question posed by our May 22, 2013 order is easily answered.

---

1. A district court administrator's service of a notice of filing commences the time period for an appeal in three other contexts as well. *See* Minn. R. Juv. Delinq. P. 21.03, subd. 2(B)(1) (juvenile-delinquency proceedings); Minn. R. Juv. Prot. P. 47.02, subd. 2 (juvenile-protection proceedings); Minn. R. Gen. Pract. 378.01 (expedited child-support proceedings).

The district court administrator's February 26, 2013 notice of filing does not comply with adoption rule 10.04 because the notice does not contain the language of the notice-of-filing form that the state court administrator developed to implement adoption rule 10.04.

The second question posed by our May 22, 2013 order is not so easily answered. Appellants contend that the district court administrator's February 26, 2013 notice of filing is ineffective in limiting the time to appeal because this court previously has held that a party's failure to serve a proper notice of filing does not limit the time for an appeal. Respondents contend that the district court administrator's notice of filing is effective in limiting the time to appeal because it advised the parties of the filing of the district court's order and otherwise complied with the requirements of a notice of filing. The county contends that the district court administrator's notice of filing is not ineffective in limiting the time to appeal because the requirement in adoption rule 10.04 is merely directory, not mandatory.

■ Appellants' sole contention is that the district court administrator did not use the form developed by the state court administrator for this purpose, despite the fact that adoption rule 10.04 states that the district court administrator "shall" use that form. Appellants do not contend that the district court administrator's notice of filing is ineffective for any other reason. Accordingly, we must determine whether a district court administrator's use of a notice-of-filing form other than the form developed by the state court administrator pursuant to adoption rule 10.04 causes the notice to be ineffective in limiting the time for an appeal. Because the interpretation of a rule of court is a question of law, we apply a *de novo* standard of review. *See State v. Barrett*, 694 N.W.2d 783, 785

(Minn.2005); *Niemi v. Girl Scouts of Minn. & Wis. Lakes & Pines*, 768 N.W.2d 385, 387 (Minn.App.2009).

■ Courts may apply principles of statutory interpretation when interpreting rules of court. *See Nguyen v. State Farm Mut. Auto. Ins. Co.*, 558 N.W.2d 487, 490 (Minn.1997); *House v. Hanson*, 245 Minn. 466, 473, 72 N.W.2d 874, 878 (1955). The rule governing the court administrator's notice of filing in adoption proceedings states that the court administrator "shall" use the notice-of-filing form developed by the state court administrator. Minn. R. Adopt. P. 10.04. But, as the county contends, the word "shall," when used in a statute or a rule of court, may not necessarily have consequences if the command is not heeded. "[A] statute may contain a requirement but provide no consequence for noncompliance, in which case we regard the statute as directory, not mandatory." *Hans Hagen Homes, Inc. v. City of Minnetrista*, 728 N.W.2d 536, 541 (Minn. 2007). Furthermore, "statutory provisions defining the time and mode in which public officers shall discharge their duties, and which are obviously designed merely to secure order, uniformity, system, and dispatch in public business, are generally deemed directory." *Wenger v. Wenger*, 200 Minn. 436, 438, 274 N.W. 517, 518 (1937).

Adoption rule 10.04 does not provide for any particular consequences if the district court administrator fails to use the form specially developed by the state court administrator. This supports the conclusion that the use of the word "shall" in the last clause of adoption rule 10.04 is merely directory, not mandatory. *See Hans Hagen Homes*, 728 N.W.2d at 541. Likewise, the instruction to the state court administrator to develop a form, and the instruction to district court administrators to use the specially developed form, appears to be

"designed merely to secure order, uniformity, system, and dispatch." *Wenger*, 200 Minn. at 438, 274 N.W. at 518. In *Wenger*, the supreme court considered a statutory requirement that " 'all motions and matters submitted to [a district court for decision] shall be disposed of and ... filed with the clerk within five months.' " *Id.* at 437, 274 N.W. at 518 (quoting 2 Mason Minn. St.1927, § 9311). The district court in that case, however, did not file its decision until seven months after submission. *Id.* The supreme court noted that the statute does not provide for any consequences if a judge does not comply, except that the judge would not be entitled to a salary. *Id.* at 440, 274 N.W. at 519. The supreme court concluded as follows: "While the statute is directory, it is intended that it should be obeyed and that judges should comply with it. But if judges do not comply, parties are not to suffer by reason thereof." *Id.* (citation omitted). For essentially the same reasons, district court administrators should use the specially developed notice-of-filing form in an adoption proceeding, but their failure to do so should not affect the rights of the parties. *See id.; see also Heller v. Wolner*, 269 N.W.2d 31, 32–33 (Minn.1978) (holding that statute providing that district court "shall" hold implied-consent hearing within 30 days is directory, not mandatory).

The directory nature of the word "shall" in the last clause of adoption rule 10.04 is consistent with the supreme court's strong interest in the prompt resolution of adoption proceedings. In a child-protection case, the supreme court rejected an argument that the appellant should be permitted to pursue an appeal even though she served her notice of appeal two weeks after the applicable deadline. 655 N.W.2d at 1–2. The supreme court reasoned that "injustice may result to the children by not enforcing the deadlines set forth in the rules" because of the importance of timely

effectuating "a child's opportunity to have a permanent home." *Id.* at 5. Furthermore, even if district court administrators are more likely to serve prompt notice of an appealable adoption order, the administration of the district courts inevitably is subject to human error. If a district court administrator's use of the notice-of-filing form developed by the state court administrator were mandatory, the finality of district courts' adoption orders inevitably would be frustrated in numerous cases.

█ Appellants further contend that the district court administrator's notice of filing is defective because one sentence of the notice refers to rule 77.04 of the Minnesota Rules of Civil Procedure. That rule states that a district court administrator's service of a notice of filing does *not* limit the time to appeal, which reflects the general rule that a party must serve a notice of filing of an appealable order to limit the time for an appeal. Minn. R. Civ. P. 77.04. The inaccuracy of that portion of the district court administrator's notice of filing does not require that we apply the general rules in lieu of the adoption rules. In *T.L.M.*, we confronted a similar mistake in which a district court order "erroneously stated that [the appellant in a child-protection matter] had 30 days in which to appeal," even though the applicable rule allowed only 20 days for an appeal. 804 N.W.2d at 376. We rejected the appellant's argument that the district court's mistake should give rise to an extension of the applicable appeal period, reasoning that "the time for perfecting an appeal may not be extended by an order of the district court." *Id.* (citing *Brown's Bay Marine Corp. v. Skrypec*, 271 Minn. 523, 527–28, 136 N.W.2d 590, 593 (1965)). In light of that principle, the time for an appeal in an adoption proceeding also should not be extended by an inaccuracy in a district court administrator's notice of

filing. Thus, the district court administrator's notice of filing in this case does not require this court to disregard the applicable adoption rules or to disregard the rulemakers' intention that adoption appeals should proceed expeditiously.[2]

■ Therefore, we conclude that the use of the word "shall" in the last clause of adoption rule 10.04 is directory, not mandatory. Accordingly, a district court administrator's failure to use the notice-of-filing form developed by the state court administrator pursuant to adoption rule 10.04 does not make the district court administrator's notice of filing ineffective in limiting the time in which a party may file a notice of appeal.

### D.

In this case, appellants filed a timely and proper motion for a new trial. *See* Minn. R. Adopt. P. 46.02. The district court issued an order denying the motion on February 26, 2013. On the same date, the district court administrator served notice of filing of the order. *See* Minn. R. Adopt. P. 48.02, subd. 2. Three days must be added to the 30-day appeal period because the district court administrator served the notice of filing by United States mail. *See* Minn. R. Civ.App. P. 125.03. The appeal period expired on Monday, April 1, 2013, which was 33 days after the district court administrator's service of the notice of filing. *See* Minn. R. Civ.App. P. 126.01 (incorporating Minn. R. Civ. P. 6.01). But appellants did not file their notice of appeal until April 27, 2013. Thus, appellants' notice of appeal was not filed in a timely manner. The court of appeals has no authority to consider an untimely ap-

peal. *See T.L.M.,* 804 N.W.2d at 377. Therefore, we must dismiss the appeal.

**Appeal dismissed.**

2. We note that the supreme court, in its rulemaking role, has assumed that an untimely appeal may not be deemed timely on the ground that a district court administrator's notice of filing inaccurately stated the time for

an appeal. *See In re Appeal Period Under Rule 47.02, Subdivision 2, of Rules of Juvenile Protection Procedure,* No. C1–01–927 (Minn. Oct. 5, 2009) (order).