# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A16-1828

In the Matter of the Welfare of the Children of:
N.L., S.C., O.O., and S.M. (Deceased), Parents.

**Filed January 17, 2017**
**Appeal to proceed**
**Cleary, Chief Judge**

Mower County District Court
File Nos. 50-JV-16-546, 50-JV-16-803,
50-JV-16-809, 50-JV-16-810, 50-JV-16-814

Daniel T. Donnelly, Donnelly Law Office, Austin, Minnesota (for appellant mother N.L.)

Kristen Nelsen, Mower County Attorney, Aaron Jones, Assistant Mower County Attorney, Austin, Minnesota (for respondent Mower County Health and Human Services)

Dean K. Adams, Adams, Rizzi & Sween, Austin, Minnesota (for respondent father S.C.)

Jeffrey Johnson, Third District Public Defender, Phillip M. Czarnecki, Assistant Public Defender, Owatonna, Minnesota (for respondent children J.C. and O.L.)

Todd Schoonover, Hollandale, Minnesota (respondent guardian ad litem)

O.O., Worthington, Minnesota (pro se respondent father)

Considered and decided by Cleary, Chief Judge; Peterson, Judge; and Larkin, Judge.

## S Y L L A B U S

A district court's amended final order in a juvenile-protection proceeding is independently appealable, if the amended order is filed within the 20-day period under Minn. R. Juv. Prot. P. 47.02, subd. 2.

## SPECIAL TERM OPINION

**CLEARY**, Chief Judge

In April 2016, Mower County Health and Human Services (the county) filed petitions to terminate N.L.'s parental rights to her four children, J.C., O.L., C.L., and B.L. S.C. is the father of J.C., and O.O. is the father of O.L. The father of C.L. is deceased, and the father of B.L. is unknown. The district court appointed counsel for the children J.C. and O.L., who intervened as parties as a matter of right under Minn. R. Juv. Prot. P. 23.01, subd. 1.

After a trial in September 2016, the district court's order was filed on October 13, 2016, terminating N.L.'s parental rights on the grounds that N.L. substantially, continuously, and repeatedly refused and neglected to comply with the duties imposed upon her by the parent-and-child relationship; that N.L. is palpably unfit to be a party to the parent-and-child relationship; and that N.L. failed to overcome the presumption of palpable unfitness created by the prior termination of her parental rights to another child. The October 13, 2016 order states that permanency with respect to fathers S.C. and O.O. shall be further considered and reviewed in separate juvenile-protection files.

On October 14, 2016, the court administrator served notice of filing of the October 13, 2016 order. None of the parties brought a posttrial motion under Minn. R. Juv. Prot. P. 45 or 46.

On November 4, 2016, the district court's "clerically corrected" order was filed. The order corrected the date of birth of B.L. and removed language from the October 13, 2016 order stating that the children are currently placed together in a foster home. On

2

November 4, 2016, the district court administrator served notice of filing of the amended order.

On November 9, 2016, N.L. filed this appeal with proof that the notice of appeal and statement of the case were served on the Mower County Attorney. Appellant did not file proof of service of the appeal papers on the guardian ad litem for the children, the fathers S.C. and O.O., and the attorney representing the children J.C. and O.L. On November 29, 2016, N.L. filed an affidavit showing service of the notice of appeal and statement of the case on all parties by mail on November 28, 2016.

This court questioned whether N.L. filed and served the notice of appeal within the time to appeal the October 13, 2016 order and, if not, whether the November 4, 2016 amended order is independently appealable. The county filed a memorandum, arguing that the appeal must be dismissed because the time to appeal the October 13, 2016 order terminating parental rights expired before this appeal was filed and served. N.L. filed an informal memorandum and a motion to accept a late appeal. N.L.'s counsel indicates that he believed the appeal period ran from the court administrator's service of notice of filing of the November 4, 2016 amended order.

## D E C I S I O N

An appeal may be taken by an aggrieved person from a final order of the juvenile court affecting a substantial right of the aggrieved person. Minn. R. Juv. Prot. P. 47.02, subd. 1. An order terminating parental rights is an appealable order. *In re Welfare of L.M.M.*, 372 N.W.2d 431, 433 (Minn. App. 1985), *review denied* (Minn. Oct. 18, 1985).

3

An appeal in a juvenile-protection proceeding shall be taken within 20 days of the service of notice by the court administrator of the filing of the court's order. Minn. R. Juv. Prot. P. 47.02, subd. 2. The court administrator shall serve court orders on each party, the county attorney, and other persons directed by the court. Minn. R. Juv. Prot. P. 10.03, subd. 1. Service may be made by personal service at the hearing, by U.S. mail, through the district court's e-filing system, by e-mail or other electronic means agreed upon in writing by the person to be served, or as otherwise directed by the court. *Id.* Each order served by the court administrator on the parties and the county attorney shall be accompanied by a notice of filing of order. Minn. R. Juv. Prot. P. 10.04.

Three days are added to the appeal period if the notice commencing the period is served by U.S. mail. Minn. R. Juv. Prot. P. 4.02. The county asserts that the appeal period in this case expired on November 7, 2016. The court administrator's service of the notice of filing by mail on October 14, 2016, resulted in a 23-day appeal period. The 23rd day fell on Sunday, November 6, 2016. If the court administrator's service of the notice of filing by mail on October 14, 2016, commenced the appeal period, then the appeal period expired on Monday, November 7, 2016. *See* Minn. R. Juv. Prot. P. 4.01 (providing that the last day of the period shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next business day).

Within the time allowed for an appeal, the party appealing shall serve a notice of appeal on the county attorney and all parties or their counsel if represented and file a notice of appeal with the clerk of the appellate courts. Minn. R. Juv. Prot. P. 47.02, subd. 3. Because the timing requirement of Minn. R. Juv. Prot. P. 47.02, subd. 2, is jurisdictional,

4

the court of appeals cannot accept an untimely appeal. *In re Welfare of Child of T.L.M.*, 804 N.W.2d 374, 377 (Minn. App. 2011). The county argues that because the October 13, 2016 order terminating parental rights was final and appealable, N.L.'s failure to file and serve the notice of appeal within the time to appeal the October 13, 2016 order requires dismissal of this appeal.

If a timely and proper posttrial motion under rule 45 is filed, or a motion for relief under rule 46 is filed within the time specified in rule 45.01, subdivision 1, the provisions of Minnesota Rules of Civil Appellate Procedure 104.01, subdivisions 2 and 3 apply, except that the time for appeal runs for all parties from the service of notice by the court administrator of the filing of the order disposing of the last posttrial motion. Minn. R. Juv. Prot. P. 47.02, subd. 2. In this case, no party filed a posttrial motion under Minn. R. Juv. Prot. P. 45 or 46. But on its own initiative, the district court corrected factual errors in the October 13, 2016 order, and filed an amended order on November 4, 2016.

"Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time upon its own initiative or upon motion of any party." Minn. R. Juv. Prot. P. 46.01. The district court's sua sponte correction of clerical errors in the October 13, 2016 order was authorized by Minn. R. Juv. Prot. P. 46.01. N.L. does not challenge the corrections made in the November 4, 2016 amended order.

The general rule is that if an appeal is taken from an amended judgment after the time to appeal the original judgment expires, an appellant is bound by determinations made in the original judgment that are left undisturbed by the amended judgment. *Dennis*

5

*Frandsen & Co. v. County of Kanabec*, 306 N.W.2d 566, 570 (Minn. 1981). But in the context of a juvenile-protection proceeding, our supreme court held that where, acting on its own initiative, the district court amended the original order terminating parental rights before the time to appeal the original order expired, the amended order terminating parental rights was a final appealable order. *In re Welfare of Child of J.W.*, No. A15-0800 (Minn. July 13, 2015) (order). The court held that the parents' appeals were timely filed from the district court's amended, final order. *Id.* Under the *J.W.* analysis, the November 4, 2016 amended order in this case is a final, appealable order terminating N.L.'s parental rights.

*J.W.* does not hold that the 20-day appeal period under Minn. R. Juv. Prot. P. 47.02, subd. 2, is revived any time the district court corrects a clerical error in an appealable, final order. We interpret *J.W.* as holding that to constitute an independently appealable, final order, the amended order must be filed within the time to appeal the original order. Because the appeal period is only 20 days under Minn. R. Juv. Prot. P. 47.02, subd. 2, limiting appeals of amended orders made on the district court's own initiative to situations where the amended order was filed within the time to appeal the original order will not unduly delay resolution of child-protection matters.

As an alternative ground for accepting jurisdiction in *J.W.*, the supreme court stated that while the district court did not file and serve a motion, the broad reference in rule 47.02 to a motion under rule 46 encompassed the amendment made on the district court's own initiative. *J.W.*, No. A15-0800 (Minn. July 13, 2015) (order).

A motion for relief under rule 46 tolls the appeal period if the motion is filed within the time specified in rule 45.01, subdivision 1. Minn. R. Juv. Prot. P. 47.02, subd. 2. All

6

posttrial motions shall comply with rule 15 and shall be filed with the court and served on the parties within ten days of the service of notice by the court administrator of the filing of the court's order finding that the statutory grounds set forth in the petition are or are not proved. Minn. R. Juv. Prot. P. 45.01, subd. 1.

In *J.W.*, the amended order was filed within the ten-day period under Minn. R. Juv. Prot. P. 45.01, subd. 1, to file a posttrial motion. In this case, the amended order was filed on November 4, 2016, which was more than ten days after the court administrator served notice of filing of the October 13, 2016 order terminating parental rights. Because the filing of the amended order on November 4, 2016, cannot be construed as a timely posttrial motion, the alternative ground for acceptance of the appeal in *J.W.* does not apply. Nevertheless, under the *J.W.* analysis, we have jurisdiction to hear the appeal, because the November 4, 2016 amended order is a final order that was filed within the time to appeal the original October 13, 2016 order. There is no dispute that N.L. filed and served the notice of appeal within the time to appeal the November 4, 2016 amended order.

**Appeal to proceed.**